# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60191
Summary Calendar

———————

Malcolm Kendreal Patrick,

*Plaintiff—Appellant*,

*versus*

Michael Taylor; Nelson Estess,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:21-CV-76

———————————————————

Before Clement, Southwick, and Higginson, *Circuit Judges.*

Per Curiam:*

Malcolm Kendreal Patrick, Mississippi prisoner # 2000002096,[1] moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). By moving to proceed IFP, Patrick challenges the district

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We note that Patrick listed this prisoner number on his complaint, but the Mississippi Department of Corrections website states his identification number is 210744.

No. 22-60191

court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Patrick's brief contains no substantive arguments as to why his appeal is not frivolous, and he has therefore abandoned any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Patrick has failed to identify any issue of arguable merit, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2.

The district court's dismissal of Patrick's complaint and our dismissal of his appeal both count as strikes under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. at 537; *see also* § 1915(h). Patrick is WARNED that, if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. § 1915(g).